**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| STEVEN W. BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 05-4093-SAC |
| | ) | |
| SBC DISABILITY INCOME PLAN, | ) | |
| | ) | |
| Defendant. | ) | |

**PROTECTIVE ORDER**

This action involves claims by Plaintiff that the Defendant acted in violation of the Employee Retirement Income Security Act, 29 U.S.C. §1001 *et seq.* To expedite the flow of discovery, and in order to protect the privacy of Defendant's confidential and/or proprietary business, customer, and/or employee information, as well as to protect the privacy of Plaintiff's confidential personal information, all parties to the action, have signed and agreed to the terms set forth in the proposed Protective Order in connection with the above-captioned litigation, which are set forth below.

Pursuant to this Court's authority under Fed. R. Civ. Proc. 26(c), it is accordingly ORDERED, ADJUDGED AND DECREED as follows:

1.      **Definitions**.

As used herein the terms set forth below shall have the following meaning:

(a)      "Confidential Information" shall mean any type or classification of information containing  trade secret(s) or other confidential and/or proprietary business information, customer information, and/or employee information designated as confidential by the party producing the information  whether such information be revealed during a deposition, contained in a document, or contained in any pleading, including, without limitation, interrogatory answers, responses to requests for admissions, briefs, or other papers prepared in connection with this litigation.

1

(b)      "Document" whether used in the singular or plural, means any written, graphic or recorded matter, however produced or reproduced, in whole or in part, and whether an original or a copy.

©)      "Party" means any person, association, partnership, corporation, or other entity that is named as a party in this action.

(d)      "Producing Party" means any party to this action who responds to a discovery request or otherwise provides information to another Party or the Court in connection with this action.

(e)      "Qualified Person" means:  I) counsel for any Party, and its paralegal, clerical, and secretarial employees engaged in the preparation for and trial of this action; ii) any Party or, in the case of a non-individual Party, those employees and former employees of such Party to whom disclosure is necessary in connection with the preparation for and trial of this action; iii) independent third parties employed or consulted by any Party and/or its counsel to assist in the preparation for and trial of this action, such as independent technicians, chemists, engineers, or other experts or consultants; iv) the Court and its staff; v) court reporters and their staffs involved with the taking and reporting of depositions in this case; and vi) any other person who is designated as "Qualified Persons" by agreement of all Parties or by order of the Court.

(f)      "Receiving Party" means any Party who receives information from a Producing Party.

(g)      "Third Party" means any person, association, partnership, corporation, or other entity that is not a Party.

2.      **Designation of Information as Confidential**

(a)      To designate a Document as one containing Confidential Information, the Producing Party shall mark the cover of the first page and every page thereafter, by label, stamp, or other method, "CONFIDENTIAL."

(b)      To designate one or more Answers to Interrogatories or Answers to Requests for Admissions or Responses to Requests for Production of Documents as containing Confidential Information, the Producing Party shall submit those Answers or Responses in a separate document and stamp each page thereof with the legend indicated above in subparagraph 2(a).

(c)      The transcripts and all exhibits to the depositions of I) a Party; ii) a Party's present or former officers, directors, employees, or agents; or iii) an independent expert retained by a Party for purposes of this litigation may be designated by a Party as Confidential. When Confidential Information is supplied and/or when the deponent's testimony contains or reveals Confidential Information, the reporter will be informed of this Order by the Producing Party and will be required to operate in a manner consistent therewith, including where practical, placing such Confidential Information under cover separate from the non-confidential testimony and documents. The reporter shall place on the cover of any deposition transcript which contains any Confidential Information the words "Contains Confidential Information."  The foregoing designation shall not, however, render the entire deposition transcript "CONFIDENTIAL."  Counsel for Plaintiff and counsel for Defendant shall take appropriate steps to prevent any portions of any deposition transcript designated "CONFIDENTIAL" from being disclosed to any person except as provided in this Order. Each Producing Party shall provide the other parties with a list of the page(s) of each deposition transcript and any exhibits attached thereto that the party has designated as "CONFIDENTIAL." Unless the parties otherwise agree, such list shall be provided to the other parties within twenty (20) business days after receipt by counsel for Plaintiff or counsel for Defendants of a copy of any deposition transcript.

(d)     In the event a Producing Party elects to produce large volumes of files and records for inspection and a Receiving Party desires to inspect such files and records, in order to facilitate prompt discovery, no designations of confidentiality need be made by the Producing Party in advance of the initial inspection.  For purposes of the initial inspection, all Documents within the produced files and records shall be treated as Confidential Information.  Thereafter, upon selecting by a Receiving Party of specified Documents for copying, the Producing Party shall mark the copies of such Documents that contain Confidential Information with the legend referred to above in subparagraph 2(a).

(e)     The inadvertent failure by a Producing Party to designate a Document as one containing Confidential Information shall not constitute a waiver of such Producing Party's right to so designate the Document when the error is discovered.  Such designation shall be effective when communicated in writing to counsel for the Receiving Party.

(f)     Inadvertent failure by a Producing Party to assert any applicable privilege shall not constitute a waiver of such privilege.  Notification in writing by a Producing Party that a Document subject to the assertion of a privilege has been inadvertently produced shall be served upon counsel for each Party that has received such Document.  Upon such notification, the Receiving Party shall immediately take all steps necessary to prevent disclosure of such Document to anyone other than counsel of record for the Receiving Party.  Counsel for the Receiving Party shall then review the Documents to which the privilege has been asserted and for those Documents where there is agreement that the privilege is proper, those Documents shall be promptly returned to the Producing Party.  If the Receiving Party objects to the assertion of a privilege, then the grounds for the objection shall be promptly communicated to the Producing Party.  If the parties cannot agree, then the reason for the Producing Party asserting the privilege and the reason for the Receiving Party objecting to the privilege shall be presented to the Court.  Prior to the Court's

4

determination of the privilege issue, the Document in question shall not be reviewed or disseminated to anyone other than the attorneys of record for the Receiving Party.  It is Ordered by the Court that the review of the Document and the late assertion of the privilege shall not constitute a waiver of the privilege nor is the possession of the Document by the Receiving Party a waiver of the privilege.

    **3.**    **Use of Confidential Information in Court Filings**

    (a)    If a Party wishes to submit or file under seal any motions, pleadings, affidavits, deposition transcripts, briefs, or other documents that contain, reproduce, quote, or otherwise reveal Confidential Information the Party must first file a motion with the Court and be granted leave to file the Documents containing Confidential Information under seal.  If leave is granted to file the Documents that contain Confidential Information under seal they shall be filed in a sealed envelope marked on the outside with the title of the action, an identification of each Document or other item within, and a statement substantially in the following form:

> CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER.  THIS ENVELOPE, CONTAINING THE ABOVE-IDENTIFIED PAPERS FILED BY [NAME OF THE FILING PARTY], IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED TO ANYONE OTHER THAN THE COURT AND ITS STAFF, OTHER THAN BY COURT ORDER OR AGREEMENT OF THE PARTIES.

    (b)    If the leave is granted to file the confidential documents under seal then the Clerk of the Court shall maintain under seal all such confidential documents, information or testimony, which shall be made available only to the Court, its staff, or to counsel for the Parties in this action until further order by the Court.

    **4.**    **Restrictions on Use of Confidential Information**

(a)      Information designated as confidential pursuant to the Order shall be used only for the purposes of this litigation and shall not be publicized, revealed, or otherwise made available to any person other than a Qualified Person.  The Order not only prohibits the disclosure of Documents or testimony containing Confidential Information, but also prohibits the discussions of such Confidential Information with any person not qualified hereunder to receive such information.

(b)      Confidential Information shall be revealed to a Qualified Person who qualifies as such under subparagraph 1(e)(i), (ii), (iii), (iv), (v), and (vi) above, only if and after such person has read and agrees in writing to be bound by the provisions of the Order.   Before disclosing Confidential Information, the Receiving Party shall ensure that the intended receipt of such disclosure has: l) been provided a copy of this Order; and ii) executed an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A.  Prior to dissemination, by the receiving party or its counsel, of any information from documents, materials, or other things, or portions thereof (and the information contained therein) that are confidential and/or subject to this Order, counsel so disseminating shall maintain in a log, the name, address, place of employment and employment capacity of each such person who is to receive such information and shall obtain and maintain said log for one (1) year following termination of this action and exhaustion of all appeals relating thereto, together with a copy of the Agreement to Maintain Confidentiality executed by that person.  Counsel for the Receiving Party agrees to notify the Receiving Party, other members of counsel's firm, and counsel's and counsel's firms regular employees of the terms of this Order and such persons' obligations to abide by the terms of such Order.

(c)      All Qualified Persons who have received information deemed confidential under the Order are required to keep all Documents containing such information separate and inaccessible to any and all other persons.  Such information shall not in any manner, orally or in

writing, be transferred or communicated to any person other than as specifically provided for in the Order.

(d)    Nothing in the Order shall prevent disclosure beyond the terms of this Order if the Party designating the information as confidential has previously consented to such disclosure, in writing or on the record, or if the Court, after notice to all Parties, orders such disclosure.  Any such deviation from the terms of the Order, however, shall apply only with respect to the specific Documents or Confidential Information expressly identified in such consent or Court-ordered disclosure.

5.    **Objections to Designation of Confidentiality**

(a)    A Receiving Party shall be obligated to raise any challenge to the propriety of a designation of confidentiality.  A Producing Party shall be obligated to raise and support the proprietary of any designation of confidentiality.

(b)    Any objection to a designation of confidentiality shall be made in writing to counsel for all Parties.  Upon receipt of such objection the interested Parties shall meet and confer to resolve the objection or intent to withhold.

(c)    If the stated objection to the designation of confidentiality cannot be resolved by agreement, either party may move the Court to determine the propriety of the designation of confidentiality, but it shall be the burden and responsibility of the Producing Party to both designate and move the Court to determine the propriety of the Producing Party designation of confidentiality. The moving Party shall set forth in its motion the basis on which it believes that the information is entitled to a designation of confidentiality.  The objecting Party shall file its response to such motion within the time allowed by the local rules to determine the propriety of the designation or withholdings or within such other time period as established by the Court.  The information subject to the motion shall be treated in accordance with its designation pending resolution of the motion by the Court.

6.      **Disposition of Confidential Information Following Conclusion of Litigation**

(a)      The confidentiality of material produced in this litigation and designated as confidential under the Order is to be preserved both during and after final disposition of this litigation. Within ninety (90) days following the termination of this action, all Confidential Information designated as such by the Producing Parties shall be returned to the Producing Parties, including all copies, summaries or transcripts thereof at the request of a Party, with the requesting party to pay any cost of returning the information.   Any and all other documents which contain, reflect or relate to such Confidential Information shall also be returned to the Producing Party.   The Receiving Party may elect that certain documents that it received from the Producing Party be preserved in the care, custody and control of the Producing Party.   The Receiving Party shall then designate those documents that it wishes to have preserved, outside of the normal document retention system of the Producing Party, and that these documents shall be retained for a period of one (1) year.

(b)      The "return" requirements of this Paragraph 6 shall also apply to Documents containing Confidential Information in the possession of Qualified Persons who qualify as such under subparagraph 1(e).   It shall be the obligation of counsel to monitor compliance with this Paragraph 6 by all such Qualified Persons so employed by him or his client(s), and he shall secure from each such Qualified Person and deliver to the Producing Party within the same ninety (90) days time period referenced in subparagraph 6(a) compliance in writing with the requirements set forth in these paragraphs.

(c)      Notwithstanding the foregoing, each counsel may retain in his file one copy of all Documents filed with the Court in connection with this action, whether or not such Documents contain Confidential Information.   These files shall be maintained in conformity with the requirements of the Order.

7.      **Miscellaneous**

8

(a)     The inadvertent or unintentional disclosure during the course of this litigation by a Producing Party of Confidential Information,  or information subject to the assertion of a privilege or the work product doctrine, regardless of how the information was designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality or privilege or work product protection, either as to the specific information disclosed or as to any other information on the same or related subject matter.

(b)     Written objections and notices called for by the Order shall be served upon each Party's counsel.  Service shall be made by hand or by next day delivery service and shall be deemed to have been made upon receipt.

(c)     Any Producing Party shall be entitled to all remedies existing under law and equity in the event of any unauthorized disclosure of Confidential Information, or any other breach of the Order, by either a Receiving Party or any person to whom a Receiving Party has disclosed Confidential Information in violation of the Order.

(d)     Nothing contained in the Order shall enlarge or in any way affect the proper scope of discovery in this action nor imply that any Confidential Information is or is not properly discoverable, relevant, or admissible in this action.

(e)     The Order does not affect any statutory or common law privileges or protections.

(f)     The procedures established by the Order are intended to be cumulative and in addition to any Party's right to seek further or different protection from the Court regarding issues addressed herein.  The Order is without prejudice to the right of any Party to apply to the Court at any time for modification or exception to the Order.

9

(g)     The parties hereto shall be entitled to rely and act upon and shall be bound by this Order when it has been signed by the parties hereto or their counsel, whether or not this Order has been signed by the Court.

**IT IS SO ORDERED.**

Dated this 22nd day of March, 2006, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
United States Magistrate Judge


*s/* Melanie N. Sawyer
Timothy S. Pickering        (KS#02003)
Bruce A. Ney          (KS#15554)
Melanie N. Sawyer          (KS#19945)
220 E. Sixth Street, Room 515
Topeka, Kansas 66603-3596
(785) 276-8435
(785) 276-1948 (facsimile)
msawyer.1@att.com

*Attorneys for Defendant*


s/ Stephen D. Lanterman
Sloan, Eisenbarth, Glassman, McEntire,
    & Jarboe, LLC
Stephen D. Lanterman        (KS# 18844)
Alan V. Johnson          (KS#9992)
534 S. Kansas Avenue, Suite 1000
Topeka, Kansas 66603
(785) 357-6311
(785) 357-0152 (Facsimile)
slanterman@sloanlawfirm.com
ajohnson@slaonlawfirm.com

*Attorneys for the Plaintiff*

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN W. BAILEY,                              )
                                               )
                          Plaintiff,           )
vs.                                            )          Case No. 05-4093-SAC
                                               )
SBC DISABILITY INCOME PLAN,                    )
                                               )
                          Defendant.           )

**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

      I, _____, hereby agree to maintain the confidentiality of any

and all documents, materials, or other things, or portions thereof (and the information contained

therein) (hereinafter "documents") designated as confidential, which have been provided to me in

connection with the above-captioned matter.  I understand that I am prohibited from copying,

disclosing, or otherwise using such documents in any manner with respect to any person other than

counsel for the parties.  I understand that I am prohibited from allowing any person other than

counsel for the parties to see any documents produced to me except as designated in the

Protective Order.  I also understand that my execution of this Agreement to Maintain Confidentiality

is a prerequisite to my review of any produced documents.  In addition, I understand that I am

required to return these documents to counsel with seven (7) days after I am notified that this action

has been concluded as defined by the Protective Order.

      I also hereby agree to be subject to the jurisdiction of this Court for appropriate proceedings

in the event of any violation or alleged violation of this Order.

      DATED THIS _____ day of _____, 200__.

_____