# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN W. BAILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 05-4093-SAC |
| | ) |
| SBC DISABILITY INCOME PLAN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pursuant to this court's Pretrial Order, entered on August 18, 2006, "[d]iscovery is complete except defendant's supplementation of its interrogatory answers and responses to requests for production were produced on August 15, 2006. To the extend that defendant's supplementation is deemed insufficient by plaintiff, plaintiff will file a motion to compel on or before August 24, 2006."[1] On August 24, 2006 plaintiff filed the present Motion to Compel Response to Interrogatory[2] and accompanying memorandum.[3] Defendant timely filed a response[4] to which plaintiff timely replied.[5] Therefore, the motion has been fully briefed and is ripe for decision.

The present motion asks the court "for an order compelling defendant to respond to Interrogatory No. 15."[6] Interrogatory No. 15 states:

> For each and every occupation set forth in the December 9, 2003 letter from

---

[1] *See* Pretrial Order (Doc. 32), at p. 11.

[2] *See* Motion to Compel (Doc. 33).

[3] *See* Memorandum in Support of Motion (Doc. 34).

[4] *See* Response by Defendant (Doc. 36) (filed on September 7, 2007).

[5] *See* Memorandum in Support of Motion to Compel (Doc. 43).

[6] *See* Motion to Compel (Doc. 33), at p. 1.

> SMAART to plaintiff . . . please identify and set forth each and every actual job opening and/or position of employment with an employer in plaintiff's job market since May 14, 2002, which would pay wages greater than 50% of plaintiff's basic wage, specifically describing:
> a. The actual job opening and/or position of employment;
> b. The employer and/or company that had an actual job opening and/or position of employment
> c. The date that the job opening and/or position of employment was available;
> d. Any and all documentation or electronic files and folders that were used to determine each and every actual job opening and/or position of employment with an employer in plaintiff's job market since May 2002, which would pay wages greater than 50% of plaintiff's basic wage.[7]

Defendants responded as follows:

> Defendant incorporates the General Objections as if fully set forth herein. Defendants objects to the interrogatory as it is overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory as it is neither relevant to the subject matter or the litigation, nor is it reasonably calculated to lead to the discovery of admissible evidence. Defendant objections [sic] to this interrogatory as it exceeds the scope of review allowed by ERISA with respect to the determination of a claim administrator, as it seeks to obtain information that is not contained in the administrative record.[8]

After the filing of the present motion, defendant submitted a supplemental response to the interrogatory at issue. Defendant's supplemental answer contains the same objections as the original. However defendant's supplemental answer further provides that:

> Subject to the foregoing objections and without waiving same[,] Defendant states that with respect to the five occupations set forth in the December 9, 2003, letter, Sedgwick Claims Management Services, Inc. does not believe that any attempts were made to locate actual job openings and/or positions of employment with specific employers in Plaintiff's job market.[9]

---

[7] *See* (Doc. 34), at p. 1.

[8] *Id.* at p. 2.

[9] *See* (Doc. 36), at p. 3.

**I.      Preliminary Issue**

Defendant argues that its supplemental response sufficiently answers Interrogatory No. 15.  Prior to the filing of the instant motion defendant "was unclear as to exactly what Plaintiff was seeking in Interrogatory No. 15."  However, based on plaintiff's motion, defendant believes it ascertained "a better understanding" about what information Interrogatory No. 15 sought and accordingly supplemented its answer.[10]

The Federal Rules of Civil Procedure "require that each interrogatory shall be answered fully.  The rules allow for proper objections to an interrogatory, but do not allow an answer to be limited in the purpose for which it is provided."[11]

Here, the court finds that defendant's supplemental response that it "does not believe that any attempts were made to locate actual job openings and/or positions of employment with specific employers in Plaintiff's job market" fails to "answer[] fully" Interrogatory No. 15.  Interrogatory No. 15 does not ask what steps defendant took to identify job openings and/or positions of employment with Southwestern Bell or other employers.  Rather, plaintiff seeks to know what actual job openings existed at the time, not simply the extent of the plan administrator's investigation.  Thus, while defendant's supplemental response addresses some of the reasons plaintiff believes Interrogatory No. 15 is relevant, defendant's supplemental response is still not responsive to the interrogatory itself.

---

[10]*Id.*  at p. 1.

[11]*Walls v. International Paper Co.*, 192 F.R.D. 294, 297 (D. Kan. 2000)(citing Fed. R. Civ. P. 33(b)).

## II. Defendant's Objections

### A. Relevance.

Defendant argues that Interrogatory No. 15 is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Relevancy is "broadly construed" and a discovery request "should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[12]

Here, the information requested appears facially relevant. Plaintiff's amended complaint[13], the pretrial order[14], and motion to compel address the issue of defendant's denial of plaintiff's long-term disability benefits because of the existence of other employment options. However, plaintiff also consistently has argued that defendant's disability plan allows "a person who has exhausted all of his short-term disability benefits . . . to be reinstated to any position with SBC that he could perform within one year of the end of his short-term disability."[15] Specifically, the SBC Disability Income Plan provides in relevant part that "[e]mployees, upon expiration of Short Term Disability Benefits, shall be entitled to a maximum reinstatement period of one (1) year to any job the Employee is qualified to perform, provided medical evidence is submitted to the Claims Administrator to substantiate that the Employee is able to

---

[12] *Sonnino v. Univ. of Kan. Hosp. Auth.,* 2004 U.S. Dist., LEXIS 6220, at *6-7 (D. Kan. Apr. 8, 2004) (quoting *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)).

[13] *See* Amended Complaint (Doc. 5) at p. 3-4.

[14] *See* Pretrial Order (Doc. 32) at p. 4

[15] *Id.*

return to work."[16]  Thus, plaintiff contends that defendant's decision to not reinstate him violated its own disability plan and ERISA.[17]  Consequently, the existence of available positions, at least at Southwestern Bell, would appear relevant to plaintiff's claims.

When "the discovery sought appears relevant," defendant must "establish the lack of relevancy. . . ."[18] which defendant has failed to do.  Defendant failed to make any argument at all, aside from its boilerplate objection, regarding the relevancy of Interrogatory No. 15.[19]  In light of defendant's failure, and because a request for discovery "should ordinarily be allowed,"[20] the court finds Interrogatory No. 15 meets the relevancy standard.

      **B.**      **Outside the Scope of the Administrative Record**.

Defendant also objects to Interrogatory No. 15 because "it exceeds the scope of review allowed by ERISA with respect to the determination of a claim administrator, as it seeks to obtain information that is not contained in the administrative record."[21]  The defendant simply lists this objection in its response, failing to make any argument in support or in response to

---

[16] *See* (Doc. 34), at p. 5.

[17] *Id.*; *see also* Amended Complaint (Doc. 5) at p. 5 ("Defendant was aware fo plaintiff's injury and that plaintiff's situation would entitle him to certain benefits, including reinstatement to any position the employee is qualified to perform.").

[18] *Gen. Elec. Capital Corp. v. Lear Corp.,* 215 F.R.D. 637, 640 (D. Kan. 2004) ("When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery.").

[19] *See* Defendant's Response (Doc. 36).

[20] *Pulsecard, Inc. v. Discover Card Services*, 168 F.R.D. 295, 309 (D. Kan. 1996) (citation omitted).

[21] *See* Response (Doc. 36), at p. 2.

plaintiff's contrary argument.[22]

Here, defendant's failure to provide factual or legal support for this objection leaves the court without sufficient basis to determine the validity of the defendant's objection in light of the particular circumstances of this case.[23]  Thus, the objection is "wholly unsupported" and the court deems it to be waived.[24]

Even a brief consideration of defendant's objection reveals that specific supportive arguments are essential in the present case.  Defendant's argument that no evidence outside of the administrative record should be discoverable is premised on the fact that the district court will review the plan administrator's decision to deny plaintiff's benefits under a "arbitrary and capricious" standard  of review.  "A denial of benefits challenged under [29 U.S.C. §] 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan give the administrator or fiduciary discretionary authority to determine the eligibility for benefits or to construe the terms of the plan."[25] The court applies the arbitrary and capricious standard if the plan allows the plan administrator or fiduciary the discretion to construe the terms of the plan or

---

[22] *See* Motion to Compel (Doc. 34), at p. 3-4.

[23]In *Sonnino v. University of Kansas Hospital Authority*, the court provided:

> [w]hen a party files a motion to compel and asks the Court to overrule certain objections, the objecting party must specifically  show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules,  how each request for production or interrogatory is objectionable. By failing to address these types of objections in response to a motion to compel, a party fails to meet its burden to support its objections. The Court is then left without any basis to determine whether the objections are valid and applicable in light of the particular circumstances of the case.

221 F.R.D. 661, 670-71 (D. Kan. 2004).

[24] *See Id.* at 671 ("Even though the . . .  Defendants state that they did not intend to waive these objections their failure to address them in their responses to Plaintiff's Motion to Compel –after plaintiff had raised them in her Motion to Compel–left them wholly unsupported.  The court therefore correctly deemed them waived . . . .").

[25] *Panther v. Synthes*, 380 F. Supp. 2d 1198, 1206-7 (D. Kan. 2005)(citation omitted).

to determine the plaintiff's eligibility.[26] Under the arbitrary and capricious standard of review, the court "generally considers only 'the arguments and evidence before the administrator' at the time of decision."[27] However, a finding that a plan administrator's decision lacked "substantial evidence" can indicate an "arbitrary and capricious decision[]."[28] Moreover, even under an arbitrary and capricious standard, the court "give[s] less deference if a plan administrator fails to gather or examine relevant evidence."[29]

In the present case, the issue of the applicability of the arbitrary and capricious standard of review is a pending factual and legal dispute between the parties. The pretrial order explains that "[s]ubject to the court's determination of the law that applies to this case, the parties agree that, in order to prevail on this theory of recovery, plaintiff has the burden of proving . . . [t]hat plaintiff's appeal of the denial of his long-term disability benefits was arbitrary and capriciously denied."[30] However, preserved in section 9 of the pretrial order, entitled "Legal Issues" is the statement:

> [i]t is anticipated that the plaintiff will attempt to characterize the standard of review of this ERISA appeal as something other than arbitrary and capricious. However, there is no conflict (direct, indirect, inherent, or otherwise) with respect to the administration of plaintiff's claims. Therefore no sliding scale decrease in deference is warranted; the simple arbitrary and capricious standard is applicable.
>
> It is further anticipated that plaintiff will attempt to include substantive evidence outside the scope of the administrative record. Inclusion of these items is not warranted under

---

[26] *Id.* at 1207.

[27] *Id.*

[28] *See Caldwell v. Life Ins. Co. of N, Am.*, 287 F.3d 1276, 1282 (10th Cir. 2002)("Indicia of arbitrary and capricious decisions include lack of *substantial evidence*, mistake of law, bad faith, and conflict of interest by the fiduciary.")(emphasis added); *Adamson v. UNM Live Ins. Co. of Am.*, 455 F.3d 1209, 1212 (10th Cir. 2006).

[29] *Id.* (citation omitted).

[30] *See* Pretrial Order (Doc. 32), at p. 6-7.

the circumstances.

As the pretrial order anticipates, plaintiff's motion for summary judgment argues that the de novo, and the not arbitrary and capricious, standard of review is applicable.[31]  However, the court will not now choose an applicable standard or determine the importance of the plan administrator's decision.  Rather, the court will overrule defendant's objection as unsubstantiated for the purpose of resolving this discovery motion.

### C. Unduly burdensome.

Defendant argues that no effort was made at the time to determine whether actual job openings existed at SBC or other positions and "it is not required to go back and attempt to figure out what 'actual job openings and/or positions of employment' might have been available with Southwestern Bell Telephone, L.P. as this would undoubtedly be unduly burdensome."[32]

As the party objecting to discovery, defendant has "the burden of showing facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome."[33]  Defendant has failed to provide an "affidavit or specific supporting information" to substantiate their unduly burdensome objection.[34]  Thus, defendant has not met its "obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money, and procedure required to produce the requested documents."[35]

---

[31] *See* Memorandum in Support of Motion for Summary Judgment (Doc. 42), at p. 14-18.

[32] *See* (Doc. 36), at p. 3.

[33] *Horizon Holdings Inc. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002) (citing *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325, 322 (D. Kan. 1991)).

[34] *See* Reply (Doc. 116), at p. 17.

[35] *Id.*

Further, the "mere fact that compliance with an inspection order will cause great labor and expense or even considerable hardship and the possibility of injury to the business of the party from whom discovery is sought does not itself require denial of the motion."[36]

### D. Overly broad and unduly burdensome on its face.

Defendant's failure to specify its potential burden is not dispositive of its objection. An objecting party's "failure to meet its evidentiary burden is not necessarily fatal to its claim that the requests are unduly burdensome" because "an exception . . . applies when the discovery request is unduly burdensome on its face."[37] Courts in the District of Kansas have "held on numerous occasions that a request or interrogatory is unduly burdensome on its face if it used the omnibus term 'relating to' or regarding' with respect to a general category or group of documents."[38] Yet the request need not use "relating to" or "regarding" because the request's "overall wording" can make the request facially unduly burdensome and overly broad.[39] Courts often ask whether the request's wording "requires the answering party to 'engage in mental gymnastics to determine what information may or may not be *remotely responsive*.'"[40]

Here, the request to "identify and set forth *each* and *every actual job opening* and/or position of employment with an employer in plaintiff's *job market* since *May 14, 2002*, which would pay wages greater than 50% of plaintiff's basic wage" would require defendant to engage

---

[36]*Snowden v. Connaught Lab., Inc.,* 137 F.R.D. 325, 332-33 (D. Kan. 1991).

[37] *Aikens v. Deluxe Fin. Servs.*, 217 F.R.D. 533, 537-38 (D. Kan. 2003) (citations omitted).

[38]*Id.*

[39]*Contracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 666 (D. Kan. 1999).

[40] *Aikens*, 217 F.R.D. at 538 (emphasis added).

in complex mental gymnastics.[41]  Even plaintiff acknowledges that "[d]efendant's objection that the search for the job openings or positions in the job market is unduly burdensome does have some merit.  Indeed such a search would have some difficulties."[42]

Plaintiff's amended complaint and present motion to compel neglect to define plaintiff's "job market."  Conceivably, "job market" could mean the employment market in Topeka, Kansas, the state of Kansas, or the entire United States of America.  Further, even if narrowed only to Topeka, Kansas, a complete list of *all* available employment positions that meet plaintiff's requirements over the last four and a half years appears overly broad.

That Interrogatory No. 15 is facially overly broad[43] "does not automatically relieve [the objecting party] of its obligation to provide responses . . . *to the extent the request is not objectionable.*"[44]  However, the court will not require a party "to respond to an overly broad discovery request unless adequate *guidance* exists as to what extent the request is not objectionable."[45]

Plaintiff suggests that  "[a]t the very least the defendant should answer Interrogatory No. 15 and set forth the jobs that SBC actually had available which would qualify as occupations

---

[41] *See* (Doc. 34), at p. 1 (emphasis added).

[42] *See* Memorandum in Support of Motion to Compel  (Doc. 43), at p. 3.

[43] Courts have used facially "unduly burdensome" and facially "overly broad" interchangeably. *See Contracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 666 (D. Kan. 1999).

[44] *Aikens*, 217 F.R.D. at 538 (emphasis in original).  *See also* Fed. R. Civ. P. 33(b)(1); *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 198 (D. Kan. 1996) (requiring no answer "unless adequate guidance exists as to what extent the interrogatory is not objectionable.").

[45] *Horizon Holdings, LLC v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 215 (D. Kan. 2002) (citing *Mackey*, 167 F.R.D. at 197).

which plaintiff could perform."[46]  While offering some direction, the court finds plaintiff's suggestion insufficient as it fails to limit the temporal scope of plaintiff's request.  Similarly, plaintiff's suggestion of "jobs that SBC actually had available" does not limit physical location or such a job by defining what constitutes "plaintiff's job market."

In establishing guidance and to avoid crafting an arbitrary order, "the court must define the extent to which the interrogatory is reasonably answerable and not objectionable."[47]  To this end, the court may use "other matters of record [to] define the discoverability of certain information encompassed by the interrogatory."[48]

Here, the benefit plan allowed a one year reinstatement period for "any job the Employee is qualified to perform" after the expiration of Short Term Disability.  This provides the most logical "guidance" in determining to what extent Interrogatory No. 15 is not objectionable.  Thus, the court finds plaintiff's Interrogatory No. 15 is not objectionable to the extent it seeks to discover employment positions for which plaintiff was qualified to perform that existed at Southwestern Bell in Topeka, Kansas within one year after of the expiration of plaintiff's Short Term Disability.  Accordingly,

**IT IS THEREFORE ORDERED** that defendant shall answer plaintiff's Interrogatory No. 15 by **January 3, 2007** to the extent that Interrogatory No. 15 seeks to determine what employment positions, that would pay wages greater than 50% of plaintiff's basic wage and for

---

[46] *See* (Doc. 34), at p. 6.

[47] *Aikens*, 217 F.R.D. at 538-39 (D. Kan. 2003) (quoting *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 198 (D. Kan. 1996)).

[48] *Id.* at 539.

which plaintiff was qualified to perform, existed at Southwestern Bell in Topeka, Kansas, within one year after the expiration of plaintiff's Short Term Disability.

**IT IS SO ORDERED.**

Dated this 19th day of December, 2006, at Topeka, Kansas.

                                                s/ K. Gary Sebelius
                                                K. Gary Sebelius
                                                U.S. Magistrate Judge