UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN W. BAILEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SBC DISABILITY INCOME PLAN, )<br>)<br>Defendant. ) | Case No. 05-4093-SAC |

### ORDER

This matter comes before the court upon plaintiff's "Motion for Costs and Expenses Pursuant to F.R.Civ. P. 37"[1] and upon the January 2, 2007 referral to the undersigned by the Honorable Sam A. Crow.[2] The defendant has filed a timely response[3] to which plaintiff has timely replied.[4] The issues are therefore fully briefed and ripe for decision.

**I.   Background**

On August 24, 2006 plaintiff filed a Motion to Compel Response to Interrogatory[5] and accompanying memorandum,[6] seeking to compel a response to plaintiff's Interrogatory No. 15. Interrogatory No. 15 states:

> For each and every occupation set forth in the December 9, 2003 letter from SMAART to plaintiff . . . please identify and set forth each and every actual job

---

[1] Motion for Costs and Expenses (Doc. 54).

[2] Minute Order (Doc. 56).

[3] Response (Doc. 57).

[4] Reply (Doc. 59).

[5] *See* Motion to Compel (Doc. 33).

[6] *See* Memorandum in Support of Motion (Doc. 34).

1

>opening and/or position of employment with an employer in plaintiff's job market since May 14, 2002, which would pay wages greater than 50% of plaintiff's basic wage, specifically describing:
>a. The actual job opening and/or position of employment;
>b. The employer and/or company that had an actual job opening and/or position of employment
>c. The date that the job opening and/or position of employment was available;
>d. Any and all documentation or electronic files and folders that were used to determine each and every actual job opening and/or position of employment with an employer in plaintiff's job market since May 2002, which would pay wages greater than 50% of plaintiff's basic wage.[7]

On December 19, 2006, the court ruled on plaintiff's motion to compel, finding Interrogatory No. 15 overly broad and unduly burdensome on its face. However, based on guidance in the record, the court required defendant to answer Interrogatory No. 15 "to the extent that Interrogatory No. 15 seeks to determine what employment positions, that would pay wages greater than 50% of plaintiff's basic wage and for which plaintiff was qualified to perform, existed at Southwestern Bell in Topeka, Kansas, within one year after the expiration of plaintiff's Short Term Disability."[8] The docketing of the court's December 19, 2006 order reflects that this order "grant[ed] [Doc.]33 Motion to Compel." However, the court's order itself did not state whether it granted in full, or only in part, plaintiff's motion to compel.[9]

---

[7] *See* (Doc. 34), at p. 1.

[8] *See* Order (Doc. 53) at p. 9-11.

[9] *See id.*

2

### II.  Preliminary Issue: The court merely granted in part and denied in part plaintiff's motion to compel.

Plaintiff contends that the court "granted" his motion to compel[10] while defendant argues that the court "did not grant" plaintiff's motion, but rather "found that Plaintiff's Interrogatory No. 15 was 'facially overly broad,' and narrowed the scope of Plaintiff's Interrogatory accordingly."[11]  This distinction is significant, because it controls which standard the court should use in awarding sanctions.  If the court granted plaintiff's motion, then Fed. Rule Civ. P. 37(a)(4)(A) applies.  Rule 37(a)(4)(A) provides:

> If the motion is granted or the disclosure or requested discovery is provided after the motion was filed, the court *shall*, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.[12]

In contrast, if the court merely granted in part and denied in part plaintiff's motion to compel, Rule 37(a)(4)(C) is applicable.  Rule 37(a)(4)(C) provides in part that: "[i]f the motion is granted in part and denied in part, the court . . . *may*, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."[13]

While the court's order did not expressly address whether it granted, or merely granted in

---

[10] *See* Motion for Costs and Expenses (Doc. 54) at p. 2 ("the Court issued its Order granting Plaintiff's Motion to Compel.")

[11] Response (Doc. 57) at p. 4.

[12] (Emphasis added).

[13] (Emphasis added).

3

part and denied in part, plaintiff's motion to compel, the court did sustain defendant's unduly burdensome objection.[14]  Specifically, the court found that "the request to 'identify and set forth *each* and *every actual job opening* and/or position of employment with an employer in plaintiff's *job market* since *May 14, 2002*, which would pay wages greater than 50% of plaintiff's basic wage' would require defendant to engage in complex mental gymnastics."[15]  However, the court found that a provision in the benefit plan offered "'guidance' in determining to what extent Interrogatory No. 15 [was] not objectionable."[16]

Contrary to Interrogatory No. 15 and plaintiff's request in his motion to compel, the court did *not* order defendant to provide plaintiff with each and ever actual job opening that existed in plaintiff's job market since May 14, 2002.  Rather, based on the guidance found in the benefit plan, the court required defendant to respond to Interrogatory No. 15 in so much as it sought employment positions, that would pay wages greater than 50% of plaintiff's basic wage and for which plaintiff was qualified to perform, which existed at Southwestern Bell in Topeka, Kansas, within one year after the expiration of plaintiff's Short Term Disability.[17]  In light of this limited grant of plaintiff's request, the court construes its December 19, 2006 order as a grant in part and a denial in part of plaintiff's motion to compel.

The court's interpretation of its previous order also follows the language used by other

---

[14] *See* (Doc. 36) at p. 3.

[15] *See* Order (Doc. 53) at p. 9-10 (citing Memorandum in Support of Motion to Compel (Doc. 34), at p. 1 (emphasis added)).

[16]*Id.* at p. 10.

[17]*See* Order (Doc. 53) at p. 11.

courts in disposing of motions to compel facially unduly burdensome discovery requests.[18]  Like the court's December 19, 2006 order, the court in *Aikens v. Deluxe Financial Services* found the discovery request unduly burdensome on its face, but also held that sufficient guidance existed to make the request answerable by the non-moving party.[19]  To that end, the court in *Aikens* "grant[ed] in part and den[ied] in part the motion for protective order based on Defendant's unduly burdensome arguments."[20]  So too, the court finds that its December 19, 2006 order implicitly granted in part and denied in part plaintiff's unduly burdensome discovery request.

### III.  Standard

Having determined that its December 19, 2006 order granted in part and denied in part plaintiff's motion to compel, Rule 37(a)(4)(C) governs the present motion for sanctions.  As previously stated, Rule 37(a)(4)(C) provides in part that: "[i]f the motion is granted in part and denied in part, the court . . . *may*, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."[21]

---

[18] In discussing the facially overly broad and unduly burdensome nature of Interrogatory No. 15 the court cited *Aikens v. Deluxe Financial Services. See* Order (Doc. 53) at p. 9-11 (citing *Aikens v. Deluxe Fin. Servs.*, 217 F.R.D. 533, 537-39 (D. Kan. 2003)).

[19] *Id* at 539-40.

[20] *Id.* at 540.

[21] (Emphasis added).  Under Rule 37, the "opportunity to be heard" does not require an actual hearing, and the court "may consider the issue of expenses 'on written submissions."  *Cardenas v. Dorel Juvenile Group. Inc.*, 231 F.R.D. 616, 622 (D. Kan. 2005) (citations omitted).  This requirement is met, as in the present case, when "the moving party requests expenses in its motion or supporting brief and the opposing party is given the opportunity to submit a brief in response." *Id.*

Whether to impose sanctions lies within the court's discretion.[22] The court "must consider on a case-by-case basis whether the party's failure was substantially justified or whether other circumstances made the imposition of sanctions inappropriate."[23] In deciding whether to grant sanctions based on Rule 37(a)(4)(C) the court in *Mackey v. IBP, Inc*., found that "[j]ustice requires that each party be responsible for its own costs and expenses incurred upon the motion [to compel]" because "[b]oth parties took legitimate positions on the motion [to compel]."[24] "Sanctions under Rule 37 are intended to ensure that a party does not benefit from its failure to comply, and to deter those who might be tempted to such conduct in the absence of such a deterrent."[25]

## IV.     Discussion

Here, the court finds that under the circumstances the imposition of sanctions would be inappropriate. Each party should bear responsibility for its own costs because both parties "took a legitimate position" on plaintiff's motion to compel. Defendant legitimately objected to Interrogatory No. 15 as unduly burdensome, an objection even plaintiff acknowledged as "hav[ing] some merit."[26] Yet the court also found that plaintiff had a legitimate position because defendant should answer Interrogatory No. 15, albeit in a more limited manner than requested by

---

[22] *Barnes v. Akal Sec. Inc.*, No. 04-1350, 2005 U.S. Dist. LEXIS 33262, at *21 (D. Kan. December 9, 2005)(citing *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S. Ct. 227, 49 L. Ed. 2d 747 (1976)).

[23] *Id.* (citing *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 646 (D. Kan. 1999)).

[24]*Mackey v. IBP Inc.*, 167 F.R.D. 186, 207 (D. Kan. 1996).  *See also Lawrence-Leiter & Co. V. Paulson*, No. 96-2535, 1997 U.S. Dist. LEXIS, at *7 (D. Kan. June 23, 1997)(concluding that because "the parties took legitimate positions on the motion [to compel] . . . sanctions are not justified.").

[25] *Herlihy*, 186 F.R.D. at 647 (citation omitted).

[26] *See* Memorandum in Support of Motion to Compel  (Doc. 43) at p. 3.

plaintiff. Having found that plaintiff's motion for sanctions should be denied, the court need not address defendant's arguments that plaintiff failed to comply with D. Kan. Rule 7.1(a)[27] and that the present motion seeks an inaccurate amount of sanctions.[28] Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Costs and Expenses Pursuant to Fed. Rule Civ. P. 37 (Doc. 54) is denied.

**IT IS SO ORDERED**.

Dated this 17th day of January, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius<br>
K. Gary Sebelius<br>
U.S. Magistrate Judge

---

[27] Response (Doc. 57) at p. 2.

[28] *Id.* at 5-7.